RECEIVED

NOV - 2 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SLOANE ROBERTS | CIVIL ACTION NO. 15-0119 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART LOUISIANA LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court are the following motions: (1) Motion to Dismiss Pursuant to FRCP 12(b)(6) and Alternative Motion for Summary Judgment [Doc. 26] filed by defendant Wal-Mart Louisiana, LLC ("Wal-Mart"); (2) Motion to Join Wal-Mart's Motion to Dismiss [Doc. 28] filed by defendant Sonny Stutes; (3) Motion to Dismiss Pursuant to FRCP 12(b)(6) and Alternative Motion for Summary Judgment [Doc. 29] filed by defendant Jason Hebert ("Hebert"), individually and in his official capacity as a police officer for the City of Abbeville; (4) Motion to Dismiss Plaintiff's Supplemental and Amended Complaint Pursuant to FRCP 12(b)(6) filed by Wal-Mart [Doc. 41]; (5) Sonny Stutes' Rule 12(b)(6) Motion to Dismiss Plaintiff's Supplemental and Amended Complaint [Doc. 48]; and (6) Motion to Dismiss Plaintiff's Supplemental and Amended Complaint Pursuant to Rule 12(b)(6) and (e), filed by Officer Jason Hebert [Doc. 49]. The plaintiff opposes all motions filed by the defendants, and Wal-Mart and Hebert filed Motions for Leave to File Reply Briefs [Docs. 38 & 39], which are GRANTED herein.

**I.    Factual and Procedural History**

In the instant lawsuit, plaintiff Sloane Roberts alleges Wal-Mart accused her of passing counterfeit money. She further alleges Detectives Jason Hebert and Jeffery Credeur of the Abbeville

Police Department obtained warrants, searched her home, and seized items from her home in connection with the charged offenses. She alleges she was arrested on March 11, 2010 and charged with 18 counts of monetary instrument abuse. It is undisputed the plaintiff was incarcerated in Lafayette for approximately eight months, after which she was moved to the Vermilion Parish jail, before she ultimately bonded out on November 17, 2010. The plaintiff was arraigned in Vermilion Parish and entered a plea of not guilty to the charges of monetary instrument abuse on November 18, 2010. The plaintiff alleges the charges in Vermilion Parish were dismissed on or about December 12, 2012, and the Lafayette Parish charges were dismissed on January 21, 2014.

In her original Complaint, the plaintiff alleged the following:

> This is an action for damage arising under 42 U.S.C. 1983, 1985, 1988; 4th Amendment Unlawful Search and Seizure and 14th Amendment to the United States and Louisiana Constitution; Louisiana Civil Code Article 2315; FALSE ARREST; FALSE IMPRISONMENT; Defamation, Libel, Failure to train and Supervise, intentional infliction of motional distress and MALICIOUS PROSECUTION.[1]

The original complaint alleges the "lawsuit stems from an accusation by Way-Mart stores in Vermilion and Lafayette Parishes that SLOANE ROBERTS passed counterfeit money."[2]

On July 29, 2016, the plaintiff filed a Supplemental and Amending Complaint, wherein she added certain factual allegations, including the fact that the plaintiff is a member of the "female protected class," and further alleging the Wal-Mart stores in Abbeville and Broussard, together with the individual named defendants, "fraudulently, maliciously, and unlawfully did conspire, combine, confederate, and agree together, between and amongst themselves under color of Louisiana State

---

[1] *See* Plaintiff's Complaint, Doc. 1.

[2] *Id.* at ¶16.

2

Statutory law[,] to subject, or cause her to be subjected to" deprivation of her constitutional rights.[3]

The motions to dismiss filed by Wal-Mart, Stutes, and Hebert seek essentially the same relief: the dismissal of the plaintiff's federal law claims on grounds the claims are prescribed and fail to state a claim; and dismissal of the plaintiff's only state law claim that is not prescribed (malicious prosecution) on grounds this Court should decline to exercise jurisdiction over a supplemental state law claim. The motions are filed as Rule 12(b)(6) motions, however the defendants alternatively seek relief under Rule 56.

## II. Law and Analysis

The motions to dismiss in Documents 26, 28, and 29 are filed as motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (for failure to state a claim), or alternatively, under Rule 56 (for summary judgment). Notwithstanding the alternative nature of the motions, none of the briefs filed specifically addresses which standard should govern the motions, but rather, the rules are simply set forth in the briefs and the Court is left to determine how to analyze the claims.

In deciding a Rule 12(b)(6) motion, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings in the 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). Specifically, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499, *quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th

---

[3] *See* Plaintiff's Supplemental and Amending Complaint, Doc. 36.

3

Cir.2003). Additionally, it is well-settled that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir.2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994).[4]

In the instant case, defendant Jason Hebert attached copies of the plaintiff's February 2010 arrest warrants issued in both Vermilion and Lafayette Parishes; affidavits for the warrants; and police reports associated with the warrants. Along with these records, Hebert filed the affidavit of Keith Stutes, the District Attorney for Lafayette Parish, who attests he is custodian of records for the District Attorney's file on the plaintiff Sloane Roberts, and attests the records consisting of affidavits and warrants are true and correct copies used in the prosecution of Sloan Roberts. Additionally, Wal-Mart attached a copy of the plaintiff's Bond Contract, showing the plaintiff bonded out of the Vermilion Parish jail on November 17, 2010, as well as transcripts of court proceeding showing the plaintiff appeared before a judge on November 18, 2010 and pled not guilty to several counts of monetary instrument abuse.

After review of the record, this Court concludes the foregoing documents are considered part of the pleadings because the plaintiff refers to them in her original and amended complaints, and the information contained therein is central to the plaintiff's claims. Although the plaintiff does not clearly allege the date on which she bonded out of the Vermilion parish jail – a date that is critical to this Court's determination of when the plaintiff's federal claims prescribed – this information has

---

[4] When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed.Appx. 775, 783 (5th Cir. 2007). However, "[i]f ... matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

been attached to Wal-Mart's motion to dismiss, and because the plaintiff refers to the fact that she "ultimately bonded out of jail" in Vermilion Parish in her complaint – albeit, without providing a date – this Court concludes the plaintiff's complaints reference this information. Additionally, three of the documents considered by the Court (the arrest warrants, affidavit, and police report) are matters of public record that can be judicially noticed in considering a 12(b)(6) motion. *See* Fed.R.Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Thus, because the documents attached to the motion to dismiss are either considered part of the pleadings or are subject to judicial notice, there is no need to convert the motions to dismiss into motions for summary judgment, and the instant motions will be decided under the standards of Rule 12(b)(6).

### A.     Prescription

#### 1.     Motions to dismiss [Docs. 26, 28, and 29]

The plaintiff alleges federal claims under 42 U.S.C. §§1983, 1985 and 1988 against the defendants. A civil remedy for violation of a person's constitutional rights is provided for under 42 U.S.C. §1983, which imposes liability only upon one who violates a person's constitutional rights, here, the 4th Amendment right to be free from illegal search and seizure. Based on the factual allegations set forth in the plaintiff's complaints, it is assumed the plaintiff is alleging a violation of 42 U.S.C. §1985(3), which prohibits conspiracies which violate equal protection of the laws of a protected class of persons. Finally, 42 U.S.C. §1988 authorizes the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation. Plaintiff seeks an award of attorney's fees in her complaints.

The parties agree that because there is no federal statute of limitations for §§1983, 1985, and 1988 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ.Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage. *Id.* Thus, the parties do not dispute that the one-year prescriptive period set forth in Article 3492 of the Louisiana Civil Code governs the issue of the timeliness of plaintiff's civil rights claims under 42 U.S.C. §§1983, 1985, and 1988. *See, e.g., Spikes v. Williams*, 2015 WL 1906024 (E.D. La. Apr. 20, 2015) (Wilkinson, J.) ("Although Section 1983 has no statute of limitations, the one-year Louisiana prescription statute, Louisiana Civil Code article 3492, applies to suits brought in federal court under Section 1983."), *citing Duplessis v. City of New Orleans*, 2009 WL 3460269, at *4 (E.D.La. Oct. 26, 2009) (McNamara, J.), *citing Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989).

Although state law supplies the applicable limitations period and tolling provisions, federal law determines when a civil rights claim accrues. *Jacobsen*, 133 F.3d at 319. Indeed, it is well-settled that,

> [f]or purposes of calculating the limitations period, a §1983 cause of action accrues **when the plaintiff knows or has reason to know of the injury which forms the basis of his action**. The Supreme Court has held that prescription begins to run at the point when 'the plaintiff can file suit and obtain relief.'
>
> Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: '(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.'

*Spikes*, 2015 WL 1906024 at *2-3 (internal citations omitted).

"Prescription runs against all persons unless an exception is established by legislation." La.

Civ.Code Ann art. 3467 (1994). However, Louisiana courts do not apply prescription against a party who is legally unable to act. *Burge v. Parish of St. Tammany*, 996 F.2d 786 at 788 (5th Cir.1993), *citing Plaquemines Parish Comm'n Council v. Delta Dev. Co.*, 502 So.2d 1034, 1055–56 (La.1987). "This doctrine . . . suspends the running of prescription when the 'plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'" *FDIC v. Caplan*, 874 F.Supp. 741, 745 (W.D.La.1995), *quoting Wimberly v. Gatch*, 635 So.2d 206, 211 (La.1994). Once a plaintiff becomes legally capable of bringing an action to vindicate or enforce his rights, prescription resumes. La. Civ.Code Ann. art. 3472 (2016).

Louisiana courts recognize four distinct factual situations involving a legal inability to act which may toll prescription: (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. *In re Medical Review Panel Proceeding Vaidyanathan*, 719 So.2d 604, 607 (La. App. 4th Cir. 1998); *see also Burge*, 996 F.2d at 788. In *Spikes v. Williams*, *supra*, the court held that, as a direct participant in the arrest about which he complained, there was no question the plaintiff knew about his arrest when it occurred.

In the instant motions to dismiss, defendants argue the plaintiff's §1983 claims are based on an alleged unlawful search and detainment with subsequent criminal proceedings. This Court must determine when the plaintiff's §1983/1985 claim accrued in order to determine whether the defendants' argument that the §1983/1985 claims are time-barred has merit.

In *McGuire v. Larpenter*, 592 Fed.Appx. 272, 275 (5th Cir. 2014), the plaintiff filed a §1983 action against five law enforcement officers and the district attorney after he was allegedly

7

unlawfully arrested under a warrant and waited in jail for nearly a year before the charges against him were ultimately dropped. In *McGuire*, the suspect was arraigned on November 9, 2011 and filed his §1983 claim on October 3, 2013. The district court granted summary judgment in favor of the defendants on grounds the plaintiff's §1983 claims were time-barred. In so ruling, the district court concluded the limitations period started running when McGuire was arrested because the "statute of limitations under §1983 begins to run the moment the plaintiff becomes aware that he has suffered an injury." *McGuire*, 592 Fed. Appx. at 274.

On appeal, however, the district court noted there is a distinction between cases in which a suspect is unlawfully arrested <u>without a warrant</u> and cases in which the suspect was allegedly unlawfully arrested <u>under a warrant for his arrest</u>. Citing *Wallace v. Kato*, 549 U.S. 384, 388–89, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the Fifth Circuit clarified that if a suspect is unlawfully arrested <u>under a warrant</u>, the limitations period begins to run <u>when the suspect's "false imprisonment c[omes] to an end</u>," which occurs when the suspect "appear[s] before the examining magistrate and [is] bound over for trial." 549 U.S. at 389. The Fifth Circuit affirmed the district court's ruling that the §1983 claim was time-barred, as more than one year elapsed between November 9, 2011 and October 3, 2013. Furthermore, the Fifth Circuit held the plaintiff's §1983 claim was not subject to equitable tolling simply because the suspect was in prison:

> In *Jackson*, a Louisiana intermediate appellate court squarely rejected the argument that imprisonment "suspends" the prescription period under the doctrine of *contra non valentem*:
>
>> *[C]ontra non valentem* is not applicable. **The fact that [the Plaintiff] waited until he was released to obtain counsel to investigate the matter does not fall into any of the exceptions to the running of prescription. Most importantly, the Plaintiff knew of his cause of action, or the cause of action was reasonably knowable, when he was erroneously sent back to prison for**

8

> **violating his parole due to a non-existent conviction**.... Thus, we find that the trial judge did not err in granting the peremptory exception of prescription.
>
> Id. at 7, 981 So.2d 156.1 Thus, *Jackson* forecloses the possibility that *contra non valentem* suspends or tolls the prescription period for McGuire's §1983 claims.

*McGuire*, 592 Fed. Appx. at 275 (emphasis added). In *McGuire*, the court noted the practical effect of strict construction of the tolling provisions:

> In sum, McGuire could have filed suit under § 1983 as soon as he was allegedly unlawfully arrested in November 2011 . . . and the limitations period started to run when he was arraigned before the magistrate on November 9, 2011 . . . **Because McGuire filed suit after November 9, 2012 (at the earliest on October 3, 2013), his delay – understandable though it may be – dooms his §1983 claims.**

*Id.* at 275-76 (emphasis added) (internal citations omitted).

In the instant case, the plaintiff alleges in her complaint that she was arrested on March 11, 2010 and sat in jail for approximately eight months (until October 2010), and then was moved to the Vermilion Parish jail, before she ultimately bonded out on November 17, 2010. The plaintiff was arraigned in Vermilion Parish and entered a plea of not guilty to the charges of monetary instrument abuse on November 18, 2010. The plaintiff alleges the charges against her were ultimately dismissed in Vermilion Parish on December 12, 2012, and in Lafayette Parish on January 21, 2014.

Pursuant to *McGuire* and *Wallace*, the limitations period on plaintiff's §§1983, 1985, and 1988 claims began to run on either November 17, 2010 – the date the plaintiff's false imprisonment came to an end by virtue of bonding out of the Vermilion Parish jail -- or on November 18, 2010 – the date the plaintiff appeared before the examining magistrate and was bound over for trial. In either case, because the plaintiff did not file the instant lawsuit until January 21, 2015, her §§1983/1985 claims are prescribed. Plaintiff's argument that "the criminal complaints that necessitated her arrest and incarceration were not dismissed until January 21, 2014" – one year

9

before she filed the instant lawsuit – and therefore her §§1983, 1985, and 1988 claims should be equitably tolled – is unavailing, as the plaintiff has not demonstrated she was prevented from filing her claims during the approximate four-year time period between the date she bonded out of the Vermilion Parish jail and the date she filed her claims.

Considering the foregoing, it is ORDERED that the defendants' motions to dismiss plaintiff's §§1983, 1985 and 1988 claims are GRANTED, and these claims are DISMISSED WITH PREJUDICE as prescribed.

### 2. State law claims/claim for malicious prosecution

The plaintiff asserts state law claims for false arrest, false imprisonment, defamation, and intentional infliction of emotional distress, as well as a claim for malicious prosecution for which no basis in law – whether federal or state – is alleged.

To the extent the aforementioned claims are governed by *state* law, it is well-settled the law of the Louisiana forum regarding prescriptive periods governs the timeliness of the state law claims alleged in this matter. *Lanzas v. American Tobacco Co., Inc.*, 2002 WL 1973817, *2 (5th Cir. 2002), *citing Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66, 68 (5th Cir.1997) (applying the prescriptive period of the forum state in a diversity action). *See also Taylor v. Liberty Mut. Ins. Co.*, 579 So.2d 443, 446-47 (La.1991) (recognizing that courts applying Louisiana law ordinarily apply the prescriptive period of the forum, especially when that forum's substantive law governs the case). The parties agree state law claims for false arrest and false imprisonment prescribe one year from the last date of imprisonment. *Murray v. Town of Mansura*, 940 So.2d 832, 838 (La. App. 3rd Cir. 2006) (false imprisonment cause of action – which included a claim of false arrest -- arose on the day the plaintiff was imprisoned; cause of action was subject to a one-year prescriptive period;

10

prescription on such a claim begins to run no later than the date on which the imprisonment is terminated.).

To the extent the plaintiff's malicious prosecution claim is grounded in *federal* law, the Fifth Circuit recognizes there is no stand-alone *federal* claim for malicious prosecution. In *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812–13 (5th Cir.2010), *cert. denied*, 563 U.S. 1033, 131 S.Ct. 2972, 180 L.Ed.2d 247 (2011), the court explained:

> To the extent that [plaintiff] alleges that the [defendants] violated his constitutional rights by engaging in malicious prosecution, that argument is foreclosed by our decision in *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003) (*en banc*). In *Castellano*, we noted that "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued." *Id.* at 953. However, we held that a freestanding 42 U.S.C. §1983 claim based solely on malicious prosecution was not viable. *Id.* at 942. Rather, the claimant must allege "that officials violated specific constitutional rights in connection with a 'malicious prosecution.'" *Id.* at 945. Thus, [plaintiff's] attempt to assert a free-standing §1983 malicious prosecution claim fails as a matter of law.

In the instant case, the plaintiff alleges no constitutional basis for her claim of malicious prosecution. Consequently, the plaintiff fails to state a federal claim for malicious prosecution under *federal* law.

With respect to the plaintiff's remaining claims -- all of which arise under state law – this Court finds that under state prescriptive periods, the majority of the claims are, in all likelihood, prescribed. However, this Court need not make that determination at this time, because this Court concludes it should decline to exercise supplemental jurisdiction over the state law claims on grounds adjudication of those claims will involve interpretation of state law.

In exercising its considerable discretion over whether to retain jurisdiction over the plaintiff's state law claims, this Court is guided by the statutory factors set forth in section 28 U.S.C. §1367(c),

as well as the common law factors of judicial economy, convenience, fairness, and comity *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009), *citing Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir.2008) (citations omitted). Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c). The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive. *See, e.g., Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The instant case has been pending in this Court for approximately 18 months. No scheduling order has been issued, therefore trial has not been set, and no deadlines have been scheduled. This Court can find no compelling reason to remove this case from the "general rule" of declining jurisdiction over the plaintiff's remaining state law claims when all federal-law claims have been dismissed.

Considering the foregoing, this Court dismisses the plaintiff's state law claims for false arrest, false imprisonment, defamation, and intentional infliction of emotional distress -- as well as

the claim for malicious prosecution to the extent it is alleged under state law -- without prejudice to the plaintiff's ability to attempt to assert the claims in the appropriate state forum. The Court declines to exercise its supplemental jurisdiction over the aforementioned claims, as the adjudication of these claims will require application and interpretation of the Louisiana state law of prescription.

### B. Motions to dismiss plaintiff's supplemental and amended complaint [Docs. 41, 48 & 49]

In their motions to dismiss the plaintiff's supplemental and amended complaint, the defendants collectively argue the plaintiff's proposed amended complaint does not cure the deficiencies in her original complaint, already discussed in the defendants' original motions to dismiss. In Documents 41, 48, and 49, the defendants argue the plaintiff's Supplemental and Amended Complaint (Doc. 36) – which defendants argue is an attempt by the plaintiff to cure the deficiencies in her original Complaint – does not allege any new facts, and therefore, fails to cure those deficiencies and does not overcome her failure to state a claim upon which relief can be granted. Because this Court concludes the plaintiff's claims are prescribed and/or subject to dismissal pursuant to this Court's discretion, this Court need not consider the arguments contained in Documents 41, 48 and 49, and these motions are DENIED AS MOOT.

### III. Conclusion

For the foregoing reasons, IT IS ORDERED that the following motions are GRANTED, with the following provisos:

- Motion to Dismiss Pursuant to FRCP 12(b)(6) and Alternative Motion for Summary Judgment [Doc. 26] filed by defendant Wal-Mart Louisiana, LLC ("Wal-Mart");

- Motion to Join Wal-Mart's Motion to Dismiss [Doc. 28], filed by defendant Sonny Stutes;

- Motion to Dismiss Pursuant to FRCP 12(b)(6) and Alternative Motion for Summary

Judgment [Doc. 29] filed by defendant Jason Hebert ("Hebert"), individually and in his official capacity as a police officer for the City of Abbeville.

IT IS ORDERED that the plaintiff's federal claims are DISMISSED WITH PREJUDICE as prescribed. IT IS FURTHER ORDERED that the plaintiff's state law claims for false arrest, false imprisonment, defamation, and intentional infliction of emotional distress -- as well as the claim for malicious prosecution to the extent it is alleged under *state* law -- are DISMISSED WITHOUT PREJUDICE subject to the plaintiff's ability to attempt to assert the claims in the appropriate state forum, as the Court declines to exercise its supplemental jurisdiction over the aforementioned state law claims.

IT IS FURTHER ORDERED that the following motions are DENIED AS MOOT:

- Motion to Dismiss Plaintiff's Supplemental and Amended Complaint Pursuant to FRCP 12(b)(6) filed by Wal-Mart [Doc. 41];

- Sonny Stutes' Rule 12(b)(6) Motion to Dismiss Plaintiff's Supplemental and Amended Complaint [Doc. 48];

- Motion to Dismiss Plaintiff's Supplemental and Amended Complaint Pursuant to Rule 12(b)(6) and (e), filed by Officer Jason Hebert [Doc. 49].

It appears the instant Ruling resolves all disputes between the parties. In light of the foregoing, IT IS FURTHER ORDERED that the parties shall submit a proposed judgment, approved as to form, within ten (10) days of the date of this Ruling and Order.

THUS DONE AND SIGNED in Lafayette, Louisiana this 2nd day of November, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE