

# United States District Court
OFFICE OF THE CLERK
**Western District of Louisiana**

October 29, 2021

*800 Lafayette St., Ste. 2100*
*Lafayette, LA 70501*
*337-593-5000*

Sloane Roberts
c/o Edward Moses Jr
Moses Law Firm
2900 Westfork Dr Ste 401
Baton Rouge, LA 70827

Sonny Stutes
c/o Seth Thomas Mansfield
1921 Kaliste Saloom Rd Ste 203
Lafayette, LA 70508

Wal-Mart Louisiana LLC
c/o Philip Andre' Fontenot
P O Drawer 2908
Lafayette, LA 70508

Tony Hardy
c/o Joy C Rabalais
Borne Wilkes & Rabalais
P O Box 4305
Lafayette, LA 70502

Jason Hebert
c/o Joy C Rabalais
Borne Wilkes & Rabalais
P O Box 4305
Lafayette, LA 70502

Re:   Roberts v. Wal-Mart Store Stores et al
      6:15-cv-00119

Dear Counsel:

I have been contacted by Chief Judge S. Maurice Hicks regarding the above mentioned case that was assigned to Judge Rebecca F. Doherty. Judge Doherty retired from the Louisiana Western District Court in 2020.

It has been brought to Chief Judge Hicks' attention that while Judge Doherty presided over this case, she owned stock in Wal-Mart. The ownership of this stock neither affected any rulings or orders issued in the case. However, the existence of this particular ownership interest would have required recusal under the Code of Conduct for United States Judges. For that reason, Chief Judge Hicks directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure of the conflict in this case. Should you wish to do so, please submit your response on or before November 12, 2021. Any response will be considered by another judge of this court without the participation of Judge Doherty.

Sincerely,

TONY R. MOORE
Clerk of Court