UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SLOANE ROBERTS | CASE NO. 6:15-CV-00119 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WAL-MART STORE STORES ET AL | MAGISTRATE JUDGE PATRICK J. HANNA |

MEMORANDUM RULING

Presently before the Court is the Rule 60(b)(6) Motion to Vacate and Order New Trial [ECF No. 63] filed by Sloane Roberts. For the reasons explained below, the DENIES the Motion to Vacate.

I.
BACKGROUND

In January 2015, Roberts commenced the present case asserting claims under 42 U.S.C §1983 against officers with the Abbeville and Broussard Police Departments, and the Lafayette and Vermillion Parish Sheriff's Office. Roberts also named Wal-Mart as a defendant. The presiding judge on the case at the time, United States District Judge Rebecca Doherty subsequently granted Wal-Mart's Motion to Dismiss Pursuant to FRCP 12(b)(6) and Alternative Motion for Summary Judgment, and, on November 15, 2016, entered a Judgment dismissing Plaintiff's claims.[1] Judge Doherty's ruling was based on her conclusion that the claims against Wal-Mart had prescribed (i.e., were barred by the statute of limitations). On October 29, 2021, the Clerk of Court sent a letter to counsel in the case advising that it had come to the attention of the court that Judge Doherty owned stock in Wal-Mart while assigned to this case, although the record

---

[1] ECF Nos. 55, 56, and 58.

does not reflect whether she owned that stock at the time she entered the Judgment at issue in favor of Wal-Mart. The letter further indicated that the ownership of the stock did not affect any rulings in the case but that it would have required recusal under the Code of Conduct for United States Judges.

Roberts has now filed the present Motion arguing that the Judgment should be vacated. Roberts argues that Judge Doherty was required to disqualify herself from the case pursuant to 28 U.S.C. §455, and that she therefore lacked jurisdiction to render a judgment in the case. Roberts concludes that, because Judge Doherty lacked jurisdiction to enter relief with respect to Wal-Mart, the Judgment is void pursuant to Rule 60(b)(4). Defendants oppose the Motion.

## II.
### LAW AND ANALYSIS

**A.     Judicial Disqualification.**

28 U.S.C. §455(b)(4) requires that a judge disqualify himself or herself from a proceeding where:

> [h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

Section (c) of 455 further provides that:

> A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

The record reflects that while Judge Doherty presided over this case, she owned stock in defendant Wal-Mart.[2] As such, there is no dispute that Judge Doherty was required to disqualify herself from the case. The Court has little doubt that Judge Doherty would have done so had she been aware of

---

[2] *See* Doc. 60, October 29, 2021 letter from Tony Moore, Clerk of Court to counsel.

her ownership of stock in Wal-Mart. While there is no evidence in the record to reflect that Judge Doherty knew of her ownership of Wal-Mart stock during the pendency of the case, section 455(b)(4) still would have required disqualification. Accordingly, the Court must turn to the proper remedy.

### B. Remedy for Failure to Disqualify.

Plaintiff argues that, because Judge Doherty was "automatically disqualified" from the case, she lacked jurisdiction to enter the Judgment and that the Judgment is therefore void. Plaintiff argues that Fed. R. Civ. P. 60(b)(4) provides the grounds to vacate the Judgment. The Court disagrees. 28 U.S.C. §455 requires that judges disqualify themselves from certain proceedings but does not provide for "automatic disqualification." Further, there is no basis to conclude that the Judgment is otherwise void for lack of jurisdiction. The record reflects that the court had subject matter jurisdiction over the claims asserted by Roberts—indeed Roberts pled federal subject matter jurisdiction in the complaint. Nor does Roberts cite any case law establishing that section 455(b)(4) disqualification amounts to a jurisdictional bar to the entry of orders or judgments by a judge with an interest that may fall within the statute. Accordingly, there is no basis for Roberts' argument that the Judgment is void and subject to attack under Rule 60(b)(4).

This does not mean, however, that parties are without a remedy if a judge fails to disqualify himself or herself in a case where that judge has a disqualifying interest under section 455(b)(4). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have addressed the appropriate remedy here—specifically, Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." In the case of *Liebenberg v. Health Services Acquisition Corp.*,[3] the Supreme

---

[3] 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed. 2d 855 (1988)

Court addressed the situation where a judge failed to recuse himself under section 455. In *Liljeberg*, the Court stated that:

> Section 455 does not, on its own, authorize the reopening of closed litigation. However, as respondent and the Court of Appeals recognized, Federal Rules of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment. In particular, Rule 60(b)(6), upon which respondent relies, grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," while also cautioning that it should only be applied in "extraordinary circumstances." Rule 60(b)(6) relief is accordingly neither categorically available nor categorically unavailable for all §455(a) violations. We conclude that in determining whether a judgment should be vacated for a violation of §455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. We must continuously bear in mind that "to perform its high function in the best way 'justice must satisfy the appearance of justice.'"[4]

Similarly, in *Patterson v. Mobil Oil Corp.*,[5] the Fifth Circuit analyzed the remedy available to litigants when a judge fails to disqualify himself from a proceeding and stated that:

> Although we conclude that Judge Cobb should have stood recused under § 455(a), we do not automatically vacate the rulings issued after he should have recused himself. In our circuit, the "harmless error" rule has long been applied in this context. *Monroe*, 178 F.3d at 309; *United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir.1997); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458–59 (5th Cir.1996); *In re Continental*, 901 F.2d at 1263. We consider the following factors in determining whether reversal or vacation is mandated: (1) the risk of injustice to the parties in this case; (2) the risk that denial of relief will create injustice in other cases; and (3) "the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864, 108 S.Ct. 2194; *In re Continental*, 901 F.2d at 1263.[6]

The Court must therefore consider the following factors in determining whether to vacate Judge Doherty's judgment: (1) the risk of injustice to the parties in this case; (2) the risk that denial

---

[4] *Id.* 486 U.S. at 862 *(internal citations and footnotes removed)*.
[5] 335 F.3d 476 (5th Cir. 2003).
[6] *Id.* 335 F.3d at 485.

of relief will create injustice in other cases; and (3) the risk of undermining the public's confidence in the judicial process. First, as to the risk of injustice to the parties in this case, the Court finds that the facts weigh against vacating the Judgment. The Court has reviewed the entire record and finds no evidence of bias or unfair treatment that would indicate that Judge Doherty favored Wal-Mart. Turning to the relief granted to Wal-Mart, Judge Doherty dismissed Roberts' claims against Wal-Mart on the basis of prescription. The Court's review of the record shows a firm basis for Judge Doherty's findings and conclusions supporting her decision that prescription barred the claims against Wal-Mart. Nothing in the record indicates bias in favor of Wal-Mart. Moreover, following entry of the Judgment, Roberts did not seek reconsideration of the ruling nor did she timely file an appeal.

As to the second factor, the Court finds that there is no risk that denial of the requested relief will create injustice in other cases. The present case was dismissed based on prescription, and that was based upon a fact-intensive analysis of the record. As such, there is no reason to conclude that the ruling in the present case would have any impact on other cases. Further, as the Fifth Circuit pointed out in the *Patterson*[7] case, the ability of a party to appeal an adverse ruling should prevent any possible injustice in other cases.

Finally, the third factor that the Court must address is whether there is any risk of undermining the public's confidence in the judicial process. The Court does not believe that the public's confidence in the judicial process will be undermined by denying relief in this case. The record supports Judge Doherty's findings and conclusions, and her judgement was never appealed. As noted by the Fifth Circuit in the *Patterson* case,[8] "the public may be more inclined to lose faith in the system if this court were to mindlessly vacate" Judge Doherty's rulings.

---

[7] *Id.*, at 486.
[8] *Id.*

Based upon an analysis prescribed by the Supreme Court in *Liljeberg* and the Fifth Circuit in *Patterson*, the Court concludes that Judge Doherty's failure to disqualify herself from the present case was harmless; the fact she owned shares of Wal-Mart stock did not impact her ruling in favor of Wal-Mart. Accordingly, Plaintiff's Rule 60(b)(6) Motion to Vacate and Order New Trial [ECF No. 63] is DENIED.

THUS DONE in Chambers on this 14th day of January, 2022.

                                                ROBERT R. SUMMERHAYS
                                          UNITED STATES DISTRICT JUDGE